IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **FLOR BERTI SOTO DAVIS,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **EP-25-CV-00130-DCG** |
| | § | |
| **DALEENA LYNN GUNTHER and** | § | |
| **CONTRACT FREIGHTERS, INC.,** | § | |
| *Defendants.* | § | |

## ORDER

Before the Court is Defendants Daleena Lynn Gunther and Contract Freighters, Inc.'s "Opposed Motion to Compel Physical Examinations under Federal Rule of Civil Procedure 35 of Plaintiff, Flor Berti Soto Davis" [hereinafter "Mot."], ECF No. 19, filed on December 2, 2025. Senior United States District Judge David C. Guaderrama referred the motion to the undersigned Magistrate Judge for determination pursuant to 28 U.S.C. § 636(b)(1)(A) and Rule 1(c) of Appendix C to the Local Rules. *See* Order Refer. Mot. to U.S. Mag. J., ECF No. 20. As of the date of this order, Plaintiffs have not filed a response to the Motion.[1] For the reasons set forth below, the Motion is **GRANTED**.

## I.    BACKGROUND

This case arises from a motor vehicle collision alleged to have occurred between vehicles operated by Plaintiff Flor Berti Soto Davis and Defendant Daleena Lynn Gunther. Compl. ¶ 11–16, ECF No. 4. In her Complaint, Plaintiff asserted negligence claims against Defendant Gunther, as well as the owner of the vehicle, Defendant Contract Freighters, Inc., for bodily injuries she

---

[1]    While the Motion could be granted as unopposed, the Court nevertheless addresses the merits of the motion in the interests of completeness. *See* Local Rule CV-7(d)(2) ("A response to a discovery or case management motion shall be filed not later than 7 days after the filing of the motion.... If there is no response filed within the time period prescribed by this rule, the court may grant the motion as unopposed.").

claims to have sustained as a result of the incident. *Id.* ¶ 13, 17–25. During the course of discovery, Plaintiff testified that her injuries included "head, neck, back, left should [sic], and left wrist injuries," Mot. Ex. 3, Pl.'s Resps. Def.'s, First Set Interrogs. at 4 [hereinafter "Mot. Ex. 3"], ECF No. 19–3, which required treatment via "several invasive procedures" to her spine, *id.* at 8, and caused Plaintiff continuing discomfort in her neck and back, Mot. Ex. E, Tr. Oral & Videotaped Dep. Flor Berti Soto Davis at 7, ECF No. 19–5. Plaintiff further stated that the accident resulted in a concussion which led to cognitive impairments, including "reduced short-term memory, slowed processing speed, impaired concentration, difficulty multitasking, and episodes of mental fatigue." Mot. Ex. 3, at 10.

In light of these allegations, Defendants now move for an order compelling Plaintiff to submit to an orthopedic examination by Dr. Paul Saiz, an orthopedic surgeon, and a neurological examination by Dr. Brigid Dwyer, a neurologist. Mot. ¶ 4.

## II.   DISCUSSION

Federal Rule of Civil Procedure 35(a) provides that a court may order a party to submit to a physical examination where "the party's physical condition is in controversy and good cause exists for each examination," so long as the examination is performed by a "suitably licensed or certified examiner."

First, "[a] plaintiff in a negligence action who asserts mental or physical injury . . . places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." *Schlagenhauf v. Holder*, 379 U.S. 104, 119 (1964) (citing *Sibbach v. Wilson & Co.*, 312 U.S. 1 (1941)). Thus, given the nature of the suit and the damages sought, the Court finds Plaintiff's physical condition has been placed in controversy and there is good cause for the requested examinations.

2

Second, Plaintiff has demonstrated that both doctors are board certified and have expertise relevant to Plaintiff's claimed injuries. *See* Mot. Ex. A, Curriculum Vitae of Paul Saiz, MD, FAAOS, CIME, ECF No. 19–1; Mot. Ex. B, Curriculum Vitae of Brigid Dwyer, MD, ECF No. 19–2. Because Defendants do not otherwise argue that either expert is unfit, the Court finds the identified doctors are suitable to perform the examinations. *See Pierce v. Aveanna Healthcare, LLC*, No. 1:21-CV-00287-RP, 2023 WL 2764660, at *5 (W.D. Tex. Mar. 31, 2023) (quoting *Shadix-Marasco v. Austin Reg'l Clinic P.A.*, No. A-09-CA-891-LY-AWA, 2011 WL 2011483, at *4 (W.D. Tex. May 20, 2011)) (recognizing courts generally "appoint the physician of the moving party's choice unless the opposing party raises a valid objection to the physician").

Accordingly, the Court finds Defendants are entitled to compel the requested examinations.

### III.    CONCLUSION

For the foregoing reasons Defendant's Motion, ECF No. 19, is **GRANTED**.

The Court **ORDERS** Plaintiff to submit to an orthopedic examination by Dr. Saiz, to begin at 9:00 A.M. on January 16, 2026, at 3 Crosses Orthopaedic Spine LLC, 4351 E. Lohman Ave., Suite 211, Las Cruces, New Mexico 88011.

**IT IS FURTHER ORDERED** that Plaintiff submit to a neurological examination by Dr. Dwyer, to begin at 3:00 P.M. on January 17, 2026, at 1600 Airway Blvd., El Paso, Texas 79925.

**SO ORDERED** and **SIGNED** this 6th day of January, 2026.

_____
ROBERT F. CASTAÑEDA
UNITED STATES MAGISTRATE JUDGE